**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TRINITY SOBER LIVING, LLC, an Illinois limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:19-cv-7321 ) |
| VILLAGE OF HINSDALE, A municipal corporation, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES Plaintiff, TRINITY SOBER LIVING, LLC, an Illinois limited liability company, ("Plaintiff" of "TSL") by and through its attorney, Bradley K. Staubus, for its complaint against Defendant, VILLAGE OF HINSDALE, an Illinois municipal corporation ("Defendant") alleges as follows:

**PRELIMINARY STATEMENT**

This matter arises pursuant to the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq*. ("FHA"); and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Plaintiff, Trinity Sober Living LLC, seeks damages and injunctive relief as redress for: (1) the disparate impact visited upon them due to the acts and decisions of the Defendant and its subsidiary or affiliate organizations; (2) the affirmative disability-based discrimination manifested in Defendant's acts and decisions; and (3) Defendant's discriminatory refusal and denial to provide Plaintiff a reasonable accommodation in keeping with Federal anti-discrimination laws.

The aforementioned denials of Plaintiff's applications now threaten residents of the Plaintiff -- who are disabled pursuant to the FHA and ADA -- with impending eviction based on discriminatory means. To prevent such a result, Plaintiff hereby asks this Honorable Court for declaratory and injunctive relief to halt the Defendant's discrimination against them on the basis of handicap or disability in violation of the FHA and ADA, respectively. Additionally, Plaintiff seeks monetary damages, costs, and reasonable attorneys' fees.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1343; 42 U.S.C. §3613; and 42 U.S.C. §12133.

2. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division as all acts complained of occurred within this District.

## PARTIES

3. Plaintiff is an Illinois limited liability company, with a principal place of business in Hinsdale, Illinois. It provides affordable housing and supports individuals with disabilities including those who are recovering from substance abuse and/or alcoholism located at 111 N. Grant Hinsdale, Illinois (hereinafter referred to herein as the "House").

4. The Defendant is a political subdivision of the State of Illinois. The Defendant is responsible for the acts of its agents and employees as well as the enactment, enforcement, and application of the Village Code ("Code") of the Village of Hinsdale.

## STATUTORY AND REGULATORY FRAMEWORK

5. In 1988, Congress amended the FHA to extend the guarantee of fair housing to handicapped individuals. Congress also authorized the Secretary of the United States Department of Housing and Urban Development to promulgate regulations to implement the FHA.

6. Under the FHA, a person is subject to a "handicap" if she or he has a "physical or mental impairment which substantially limits one or more of such person's major life activities, a record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201. The ADA uses similar terminology to define a "disability." *See, e.g., Tsombandis v. West Haven Fire Dept.*, 352 F.3d 565 (2d. Cir. 2003).

7. Under the FHA, it is unlawful to discriminate against or otherwise make unavailable or deny a dwelling to any buyer or renter because of a handicap of that buyer, renter, or person residing in, or intending to reside in, that dwelling after it is sold, rented, or made available. 42 U.S.C. § 3604(f)(1).

8. The FHA further provides that it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, based in a handicap of such person residing in or intending to reside in that dwelling after it is sold, rented, or otherwise made available. 42 U.S.C. § 3604(f)(2).

9. The federal regulations implementing the FHA specifically define as discriminatory activity and prohibit the provision of municipal services in a different manner as based on a handicap. 24 C.F.R. § 100.70(d)(4).

10. The federal regulations implementing the FHA further make it unlawful "to restrict or attempt to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, buying or renting a dwelling so as to . . . discourage or obstruct choices in a community, neighborhood or development" because of a handicap. 24 C.F.R. § 100.70(a).

11. The ADA requires that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subjected to discrimination by any municipal entity. 42 U.S.C. § 12132.

12. The federal regulations implementing the ADA prohibit a public entity from administering a licensing program or establishing certain requirements for activities of a licensee in a manner that subjects qualified disabled individuals to discrimination on the basis of their disability. 28 C.F.R. § 35.130(6).

13. The federal regulations implementing the ADA also make it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the purpose or effect of excluding individuals with disabilities, denying them the benefits of certain locations, or otherwise subjecting them to discrimination. 28 C.F.R. § 35.130(4)(I).

## STATEMENT OF FACTS

14. In June 2019, TSL purchased the subject property for use as a sober house.

15. All of the individuals who participate in TSL's program and reside in the House are individuals with handicap or disability by virtue of their alcohol or chemical dependency combined with their completion of a substance abuse treatment program. All participants of TSL's program and residents of the House must remain drug and alcohol-free while participating in TSL's program and residing at the House.

16. At the House, TSL provides a peer-driven sober living environment designed to increase self-responsibility and support for persons in recovery. The House provides a supportive atmosphere that is designed to increase self-responsibility and support for persons in recovery from alcoholism and substance abuse. TSL does not provide a "recovery program" or services. There is no counseling, or therapy offered to the residents.

17. The residents of the House must willingly choose to participate in the TSL program and reside at the House. Residents of the House live together as a family and make group decisions based on democratic procedures. The House is used as single family home with similar support and collaborative functions. The residents of the House relate to each other as the functional equivalent of a single family.

18. All of the residents of the House have access to the entire house, all of the household facilities and function together as a single housekeeping unit. There are not any special locks on the doors of the bedrooms or other rooms in the House. The residents share all household responsibilities, and live together to create a "family" atmosphere, where all aspects of domestic life are shared by all the residents.

19. Neither TSL nor the House is a substance abuse treatment center, halfway house, shelter, or a community care facility. There are no treatment, counseling, therapy, or any type of health care services provided at the House or by TSL. TSL is not licensed by the State of Illinois and is not required to be licensed. There are no institutional personnel involved in the supervision or management of the House.

20. The Code governs zoning and land use policy in the Village of Hinsdale.

21. The current version of the Code defines "family" as follows:

"FAMILY

One or more persons related by blood, marriage, legal adoption, or guardianship, or not more than three (3) persons not so related, together with gratuitous guests and domestic servants, living together as a single housekeeping unit."

22. Soon after TSL purchased the House, the Village of Hinsdale became aware that TSL intended on operating a sober living house.

23. Therefore, on or about July 18, 2019, Thomas K. Cauley, Jr. ("Cauley"), the President for the Village of Hinsdale, wrote a letter to Michael Owens, the manager of TSL, wherein he advised Mr. Owens that the Village had received information that TSL intended on running "a facility where ten (10) unrelated people will reside." Cauley further advised TSL that this facility is not a permitted use in the particular zoning district within the Village of Hinsdale.

24. On or about August 7, 2019, Steven G. Polin ("Polin"), an attorney for TSL, responded to Cauley's letter by sending a letter to Lance Malina, the attorney for the Village of Hinsdale. Polin advised Malina that the residents of the House were a protected class of persons pursuant to the FHA and ADA by virtue of being in recovery from alcoholism and drug addiction. He further advised Malina that the Village's anticipated enforcement of the Code against TSL for using the House as a "sober house" constituted illegal discrimination under the FHA and ADA.

25. Polin also requested that the Village of Hinsdale make the following reasonable accommodations pursuant to the FHA and to treat TSL's use of the House as a single-family use.

26. In response, the Village of Hinsdale filed a complaint in the Circuit Court of DuPage County naming TSL as a defendant seeking to enjoin TSL's use of the House as a sober living facility.

27. Since the filing of the DuPage County complaint, on October 31, 2019, TSL sent additional information in support of their reasonable accommodation request.

28. As of the filing of this complaint, the Village of Hinsdale has not responded.

29. The effect of Defendant's actions has been to prevent TSL and residents from residing at the dwelling of their choice or in any other home zoned for single family use in the Village.

30. Plaintiffs are aggrieved persons under 42 U.S.C. §§ 3602(d) and (I), who have been injured by Defendant's discriminatory conduct and have suffered damages, economic loss and a loss of civil rights as a result of Defendant's conduct.

31. The House is a dwelling within the meaning of § 802(b) of the FHA, 42 U.S.C. § 3602(b).

32. The effect of Defendant's actions is to deny needed housing opportunities to recovering alcoholics and substance abusers who are disabled under the FHA within the Village of Hinsdale.

33. The Village Code of the Village of Hinsdale does not have a procedure for processing requests for a reasonable accommodation in the zoning context pursuant to the FHA.

34. The effect of the conduct of the Defendant is to limit the housing opportunities of unrelated disabled persons by denying them the right to live together as a group in any residential zoning district within the Village of Hinsdale.

35. Defendant is treating the residents of the House in a discriminatory fashion and is imposing far more stringent requirements on this group of unrelated disabled individuals than on others.

36. By classifying the premises described above as a prohibited use in residential zones in the Village, Defendant is arbitrarily and illegally making single family housing unavailable to disabled persons recovering from drugs and alcohol addiction.

37. Defendant has acted under color of the law of the State of Illinois enforcing the Code with the purpose and effect of discriminating against Plaintiff and Plaintiff's residents solely because of their handicap and disability.

38. Plaintiff's residents are living in fear of losing their home and are suffering anxiety, emotional distress, pain, setbacks in their efforts at recovery, and other irreparable harm as a result of Defendant's actions. They have no adequate remedy at law.

39. Defendant has denied Plaintiff's rights to due process of law by its arbitrary classification of the House.

40. Defendant has failed to further the objective of providing fair housing under the FHA in arbitrarily administering its Code.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Discrimination Under the FHA)

41. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 40 above.

42. Defendant is violating Plaintiff's rights under the FHA and its implementing regulations by:

    a. denying and otherwise making housing unavailable to Plaintiff's residents because of their disability;

    b. using the Zoning Code of the Village of Hinsdale as a pretext to exclude Plaintiff's residents because of their disability;

    c. enforcing discriminatory zoning rules and policies on Plaintiff and its residents because of their disability;

    d. interfering with the right of Plaintiff's residents to live in the dwelling of their choice;

e. failing to make reasonable accommodations in the Code and its application to afford Plaintiff and its residents an equal opportunity to use and enjoy the House; and

f. retaliating against Plaintiff because of their exercise of their legal rights under the FHA.

**SECOND CLAIM FOR RELIEF**
**(Discrimination Under the ADA)**

43. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 42 above.

44. Plaintiff TSL is involved in the process of providing housing to people with disabilities as defined in 42 U.S.C. § 12102(2).

45. Plaintiff's residents are individuals with a disability, as defined in 42 U.S.C. § 12102(2), living at the House.

46. Defendant is a public entity, within the definition of 42 U.S.C. § 12131(1).

47. The actions of Defendant to exclude the residents of the House from single family residential zones violate Plaintiff and its residents' rights under the ADA and the regulations promulgated thereunder by:

a. denying the individual disabled residents the opportunity to participate in or benefit from the supportive housing program TSL offers;

b. using and administering land use ordinances with the purpose and effect of subjecting Plaintiff and its residents to discrimination based on their disability;

c. subjecting Plaintiff and its residents to discrimination on the basis of their disability;

9

   d. denying disabled residents the opportunity to participate in a program in the most integrated setting appropriate to their needs in a manner discriminatory against Plaintiff and different from the opportunities presented to non-disabled individuals;

   e. utilizing licensing and permit requirements to enforce the Code and deny Plaintiff's residents' enjoyment of rights, privileges, advantages, and opportunities enjoyed by non-disabled individuals in a manner that is discriminatory against Plaintiff;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that the Court:

1. Enter a declaratory judgment that Defendant has illegally discriminated against Plaintiff in violation of the FHA and ADA by arbitrarily and capriciously applying its Code to the occupancy of the House by groups of disabled recovering alcoholics and addicts, thereby causing a disparate impact upon Plaintiff use and enjoyment of a dwelling;

2. Provide injunctive relief restraining Defendant from discriminating against Plaintiff and interfering with Plaintiff's current operation of the House as a home for disabled recovering alcoholics and substance abusers, and/or from interfering in Plaintiff's residents' rights to reside in the House;

3. Enter a declaratory judgment stating that Plaintiff's use of the House as a "sober house" is consistent with classification of the premises as a single family dwelling, and requiring Defendant to apply all zoning, safety, building, and land use codes to Plaintiff's use of the House in the same manner as it does to all other single family dwellings;

4. Award compensatory damages;

5. Grant an award of reasonable costs and attorneys' fees; and,

6. Order such other relief as the Court deems just and proper.

**JURY DEMAND REQUESTED.**

Respectfully submitted,

**ESPOSITO & STAUBUS LLP**

Dated: November 6, 2019      /s/ Bradley K. Staubus

Bradley K. Staubus
Esposito & Staubus LLP
7055 Veterans Blvd., Unit B
Burr Ridge, Illinois 60527
Telephone: (312) 346-2766
Facsimile: (312) 346-3177
bks@eslaw500.com

*Attorney for Plaintiff*

11