UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRINITY SOBER LIVING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-7321 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF HINSDALE, ILLINOIS, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |
| | ) | CONSOLIDATED WITH: |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:20-cv-06959 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF HINSDALE, ILLINOIS, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE

1.      In these consolidated cases,[1] Plaintiffs the United States of America ("United States") and Trinity Sober Living LLC ("Trinity") allege that Defendant the Village of Hinsdale ("Village" or "Hinsdale") discriminated on the basis of disability in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3631.  Trinity has also raised claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

2.      In its Complaint, the United States alleges that the Village engaged in a pattern or practice of discrimination on the basis of disability, and/or denied rights to a group of

---

[1] All case citations are to No. 1:19-cv-7321 unless otherwise noted.

persons, in violation of the FHA, 42 U.S.C. § 3614(a), by: 1) preventing the operation of group homes for persons with disabilities of three or fewer persons as "commercial" uses prohibited in single-family residential districts; 2) refusing to consider a reasonable accommodation request by Trinity to operate a sober living home at 111 North Grant Street because the proposed residents were persons in recovery from addiction; and 3) denying Trinity a reasonable accommodation to operate a sober living home with up to ten residents in recovery from addiction and a house manager. As alleged in the United States' Complaint, these actions violated the FHA by denying or otherwise making dwellings unavailable because of disability, 42 U.S.C. § 3604(f)(1); discriminating in the terms, conditions, or privileges of housing, or in the provision of services or facilities in connection with housing, because of disability, 42 U.S.C. § 3604(f)(2); and by failing or refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B).

     3.     The Village denies that it violated the FHA, ADA, Rehabilitation Act, or any other federal, state, or local law or ordinance in connection with its dealings with Trinity, and further denies that any provision of its zoning ordinance discriminates against persons with disabilities. By executing this Consent Decree, the Village does not admit that it discriminated against Trinity, or persons with disabilities, and expressly denies any liability. Nothing herein shall be construed in any manner as an admission of guilt, liability, or wrongdoing.

     4.     The United States, Trinity and the Village have voluntarily agreed to resolve the United States' and Trinity's claims against the Village without any admission of liability by entering into this Consent Decree, as indicated by the signatures below.

2

5.     This Decree binds all parties to the full and final resolution that is described herein of all actual and potential interests, allegations, defenses, claims, counterclaims, and relating to the subject matter of the disputes that have been raised or could have been raised under the FHA and the ADA.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## I.     GENERAL NON-DISCRIMINATION PROVISIONS

6.     The Village, its agents, employees, successors, and all persons in active concert or participation with it, shall not:

    a.     Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any person because of a disability;

    b.     Discriminate in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of disability;

    c.     Adopt, maintain, enforce, or implement any zoning or land use laws, regulations, policies, procedures or practices that discriminate on the basis of disability in violation of the FHA and the ADA;

    d.     Implement or administer any zoning laws, regulations, policies, procedures or practices in such a manner as to discriminate on the basis of disability in violation of the FHA and the ADA;

    e.     Refuse to make reasonable accommodations when requested in the application of rules, policies, practices, or services when such accommodations may be necessary to afford a person or persons with disabilities an equal opportunity to use and enjoy a dwelling;

3

f.      Coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the FHA and the ADA.

## II.    SPECIFIC INJUNCTIVE RELIEF

7.    The Village shall immediately cease to enforce and, within 120 days of the entry of this Decree, repeal Sections 3-19-1 to 3-19-5 of the Hinsdale Business and Licensing Code, entitled "Group Homes for Persons with Disabilities."

8.    Within 120 days of the entry of this Decree, the Village shall amend its Zoning Code to clarify that group homes serving persons with disabilities shall be a permitted use as of right in any residential district under the Hinsdale Zoning Code, notwithstanding any other provisions or restrictions of the Zoning Code including, but not limited to, restrictions on "transitional services facilities," provided that the number of unrelated residents in the home does not exceed the Village's limit on unrelated residents in a dwelling for persons without disabilities. The Village shall submit this proposed amendment to the United States for approval within 60 days of entry of this Decree. Nothing herein shall prohibit the Village from adopting regulations or restrictions on the use of a residential property based on the number of unrelated residents, provided that such a restriction is neutral as to disability and not applied in a discriminatory manner.

9.    The Village shall adopt a written policy that will provide a process by which a person, agency, or entity may request reasonable accommodations or modifications on the basis of disability from the Village's Zoning Code and/or other code requirements governing housing

4

or land use. Such policy shall be in substantially the same form as that contained in Attachment A, shall comply with the FHA and the ADA, and shall include the following provisions:

      a.    A description of where and how the Village will accept and process requests for accommodation or modification in their rules, policies, practices, or in the provision of its services;

      b.    The Village shall provide written notification of the Village's approval, approval with alterations or conditions, or denial of a reasonable accommodation or modification request to those requesting a reasonable accommodation or modification within forty-five (45) days of the receipt of the request;

      c.    If the Village denies a request for reasonable accommodation or modification, it shall include an explanation of the basis for such denial in the written notification;

      d.    The Village shall maintain records of all requests for reasonable accommodation or modification and the Village's responses thereto for a period of at least four years;

      e.    The Village shall not charge a fee for requesting a reasonable accommodation or modification, provided however, that the Village may charge otherwise applicable fees that are not related to the accommodation request (e.g., building permit fees) to an individual who is seeking a reasonable accommodation;

      f.    The Village shall not retaliate against any person who has exercised his or her right under the FHA or ADA to make one or more reasonable accommodation or modification requests;

      g.    The request for or denial of a reasonable accommodation shall not operate,

5

and shall not be argued or construed by the Village to operate, to bar, estop, or otherwise limit in any way the right or ability of the person or entity making the request to challenge the denial of the requested accommodation in court under the FHA, ADA, or any other applicable federal, state or local laws; and

        h.      Once a reasonable accommodation has been requested, the Village shall not initiate legal action against any person or entity for alleged violations of any zoning or code provision or requirement for which the reasonable accommodation or modification is being sought until completion of the process described above and in Attachment A. Nothing herein shall prevent the Village from requiring, and enforcing through a court action for injunctive relief, if necessary, that, during the time period in which a request for a reasonable accommodation is pending, a group home for persons with disabilities be limited to the number of unrelated residents permitted to occupy a dwelling under the Village's zoning code.

10.     The Village shall post a copy of its adopted reasonable accommodation policy on the "Government" page of its website and shall additionally make copies of this policy available to members of the public upon request.

### III.    COMPLIANCE OFFICER

11.     Within thirty (30) days after the entry of this Decree, the Village shall designate an individual as the Fair Housing Compliance Officer ("FHCO"). The FHCO shall have the responsibility to receive complaints of alleged housing discrimination and disability discrimination against the Village, serve as a resource to the Village and its officers, elected and appointed officials, employees, and agents on fair housing and disability rights, and coordinate the Village's compliance with this Decree.

12. The FHCO shall be designated to receive and review all complaints of housing discrimination and disability discrimination made against the Village or any officer, elected or appointed official, employee, or agent of the Village.

13. Within thirty (30) days of receiving a complaint of housing discrimination or disability discrimination, the FHCO shall provide counsel for the United States[2] with a copy of the complaint, any documents filed with the complaint, and any written response to the complaint by the Village, and shall inform counsel for the United States whether the complaint has been resolved. If the complaint has not been resolved, the FHCO shall inform counsel for the United States of any efforts the Village undertook or plans to undertake to resolve the complaint.

14. The FHCO shall maintain copies of this Decree, the HUD Complaint form and HUD pamphlet entitled "Are you a victim of housing discrimination?" (HUD official forms 903 and 903.1, respectively) and make these materials freely available to anyone, upon request, without charge, including all persons making fair housing complaints to the FHCO.

15. During the term of this Decree, the FHCO shall report to the Village every six months on activities taken in compliance with this Decree.

## IV. FAIR HOUSING TRAINING

16. Within ninety (90) days after entry of this Decree, the Village shall provide a one-time live training(s) on the requirements of the Decree, the FHA (in particular, those provisions

---

[2] All correspondence required to be sent to the United States under the provisions of this Order shall be sent to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, U.S. Department of Justice, Attn: DJ 175-23-838, at the following address:

Regular U.S. Mail:    950 Pennsylvania Avenue, NW – NWB
Washington, D.C. 20530

Overnight Mail:    150 M Street, NE, Room 8.1106
Washington, D.C. 20006

that relate to disability discrimination), and the ADA (in particular, the ADA's application to zoning). The training(s) shall be provided to all Village employees who have duties related to the planning, zoning, permitting construction, or occupancy of residential housing for persons with disabilities. The training(s) should be conducted in accordance with the following:

a. The training(s) shall be conducted by a qualified third party or parties, subject to the approval of the United States, which shall not be unreasonably withheld. The trainer(s) shall not be connected to the Village or their officers, elected or appointed officials, employees, agents, or counsel. No fewer than thirty (30) days before the date of each training under this paragraph, the Village shall submit to counsel for the United States the name of the person(s) or organization(s) proposed to provide the training, together with copies of the professional qualifications of such person(s) or organization(s) and copies of all materials to be used in the training.

b. Any expenses associated with the training(s) shall be borne by the Village.

c. The training(s) shall be video recorded and the Village shall maintain copies of the written materials provided for each training. Each newly hired individual covered by this paragraph shall first receive training within thirty (30) days after the date he or she enters office or commences service or employment, by viewing a video recording of the most recent live training and receiving copies of any written materials provided for that training.

d. The Village shall provide a copy of this Decree to each person required to receive the training(s).

e. The Village shall require each trainee to execute a certification confirming: i) his or her attendance; ii) the date of the training; and iii) his or her receipt

8

and comprehension of the Decree. The Certification of Training and Receipt of Consent Decree appears at Attachment B to this Decree. All trainees shall complete the certifications at the conclusion of each training session.

17.     Within ninety (90) days after the entry of this Decree, the Village shall hold a one-time, live training on the requirements of the FHA (in particular, those provisions that relate to disability discrimination) for the Village President and Board of Trustees in compliance with the Illinois Open Meetings Act, 5 Ill. Comp. Stat. § 120 *et seq.* The trainer(s) for the live presentation shall not be connected to the Village or its employees, officials, agents, or counsel. Trainer(s) and training must be approved by the United States, which approval will not be unreasonably withheld. The Village shall pay any and all expenses associated with training. Each member of the Board of Trustees shall execute the certification that appears at Attachment B to this Decree upon completion of the training. This training may be conducted in connection with the training for Village employees described in Paragraph 16 above.

## VI.     REPORTING AND RECORD KEEPING

18.     Within one hundred twenty (120) days after entry of this Decree, the Village shall submit all executed copies of the Certification of Training and Receipt of Consent Decree (Attachment B).

19.     The Village shall prepare compliance reports for the term of this Decree detailing all actions they have taken to fulfill their obligations under this Decree since the last compliance report. The Village shall submit their first report to the United States within six (6) months after entry of the Decree, and subsequent reports every twelve (12) months thereafter for the duration of the Decree, except that the final report shall be delivered to the United States not less than sixty (60) days prior to the expiration of this Decree. The Village shall include in the compliance

reports, at a minimum, the following information:

      a.     A summary of each zoning or land-use request or application related to group homes for persons with disabilities on which the Village has made a determination, indicating: i) the date of the application; ii) the applicant's name; iii) the applicant's current street address; iv) the street address of the subject property or proposed housing; v) the Village's decision(s) regarding the matter, including any decision on appeal; vi) the reasons for each decision, including a summary of the facts upon which the Village relied; and vii) complete copies of any minutes or recordings from all meetings or hearings discussing the zoning request or application;

      b.     Copies of any Certifications of Training and Receipt of Consent Decree (Attachment B) described above that are signed after the preceding compliance report was issued;

      c.     Copies of any materials that have been previously submitted to counsel for the United States under this Decree if such materials have been substantially altered or amended since they were last submitted to counsel for the United States;

      d.     Any complaints of housing discrimination or disability discrimination by the Village, either received by the FHCO or by another Village employee or official, including a copy of the complaint, any documents submitted with the complaint, and any written response by the Village. If the complaint has not been resolved, the Village shall report any efforts the Village undertook to resolve the complaint.

20.     For the duration of this Decree, the Village shall retain all records relating to compliance with any provision of this Decree. Counsel for the United States shall have the opportunity to inspect and copy any such records after giving reasonable advance notice to

counsel for the Village, subject to the Village's current records retention policy.

## VII.   MONETARY DAMAGES AND FEES TO TRINITY SOBER LIVING

21.     Within thirty (30) days of entry of this Decree, the Village shall pay a total of SEVEN HUNDRED NINETY THOUSAND DOLLARS ($790,000) in full satisfaction of all claims by Trinity for monetary damages, attorneys' fees and costs. The payment shall be made in the form of an electronic fund transfer pursuant to written instructions to be provided by Trinity, with proof of payment sent to the United States.

## VIII.   CIVIL PENALTY

22.     Within thirty (30) days of entry of this Decree, the Village shall pay a total of TEN THOUSAND DOLLARS ($10,000) to the United States Treasury as a civil penalty under 42 U.S.C. § 3614(d)(1)(C) and 28 C.F.R. § 85.5 to vindicate the public interest. The payment shall be in the form of an electronic fund transfer pursuant to written instructions to be provided by the United States.

23.     In the event that the Village, its agents, or its employees engage in any future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

## IX.   JURISDICTION AND SCOPE

24.     The parties stipulate and the Court finds that the Court has personal jurisdiction over the Village for purposes of this civil action, and subject matter jurisdiction over the United States' claims in this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3614(a) and 3614(b)(1).

25.     This Decree shall remain in effect for a period of four (4) years after its entry. The Court shall retain jurisdiction over the action for the duration of the Decree for the purpose

of enforcing its provisions and terms. The United States may move the Court to extend the duration of the Decree in the interest of justice.

26. Any time limits for performance imposed by this Decree may be extended or shortened by mutual written agreement of the parties, which shall not be unreasonably withheld. The other provisions of this Decree may be modified by written agreement of the parties or by motion to the Court. If the modification of a provision other than a time limit for performance is made by written agreement of the parties, then such modification will be effective upon filing of the written agreement with the Court and remain in effect for the duration of the Decree or until such time as the Court indicates through written order that it has not approved the modification.

## X.    ENFORCEMENT

27. The parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the Village to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States and/or Trinity may move this Court to impose any remedy authorized by law or equity, including, but not limited to, findings of contempt, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and/or reasonable attorneys' fees that may have been occasioned by the violation or failure to perform.

## XI.    COSTS AND FEES

28. Except as stated above, the parties will bear their own costs and fees associated with this litigation.

## XII. TERMINATION OF LITIGATION HOLD

29.     The parties agree that, as of the date of entry of this Decree, litigation is not

"reasonably foreseeable" concerning the matters described above.  To the extent that the parties

implemented a litigation hold to preserve documents, electronically stored information (ESI), or

things related to the matters described above, the party is no longer required to maintain such

litigation hold.  Nothing in this paragraph relieves any party of any other obligations imposed by

this Decree.

**IT IS SO ORDERED.**

This __1st__ day of __February_____, 2023.

THE HONORABLE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

13

By their signatures below, the parties consent to the entry of this Consent Decree.

For Plaintiff United States of America:

JOHN R. LAUSCH JR.
United States Attorney
Northern District of Illinois

PATRICK JOHNSON
KATHLEEN FLANNERY
Assistant United States Attorneys
United States Attorney's Office
Northern District of Illinois
219 S. Dearborn St., Fifth Floor
Chicago, IL 60604
Tel: (312) 353-5327
Kathleen.Flannery@usdoj.gov
Patrick.Johnson2@usdoj.gov

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief
TIMOTHY MORAN
Deputy Chief
MAX LAPERTOSA
Attorney
United States Department of Justice
Housing and Civil Enforcement Section
Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, DC 20530
Tel: (202) 305-1077
Fax: (202) 514-1116
Max.Lapertosa@usdoj.gov

Counsel for Plaintiff
United States of America

For Plaintiff Trinity Sober Living LLC:

Bradley K. Staubus
Esposito & Staubus LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
Tel: (630) 323-5310
bks@eslaw500.com

Sarah Jane Hunt
Kennedy Hunt P.C.
4500 W. Pine Blvd.St. Louis, MO 63108
Tel: (314) 872-9041
sarahjane@kennedyhuntlaw.com

Counsel for Plaintiff

Trinity Sober Living, LLC

MICHAEL OWENS, MANAGER
TRINITY SOBER LIVING LLC

For Defendant Village of Hinsdale:

THOMAS CAULEY
VILLAGE PRESIDENT

KURT MATHAS
ROSS CORBETT
KATHERINE KYMAN
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-8329
kmathas@winston.com
rcorbett@winston.com
kkyman@winston.com

Attorneys for Defendant
Village of Hinsdale

**ATTACHMENT A**

**Reasonable Accommodation Policy**

### I.  Introduction

It is the policy of the Village of Hinsdale, Illinois, pursuant to the Fair Housing Amendments Act of 1988, the Americans with Disabilities Act, and applicable state laws, to provide individuals with disabilities reasonable accommodations (including modifications or exceptions) to the Village's zoning, land use, and other regulations, codes, rules, policies and practices in order to ensure equal access to housing and to facilitate the development of housing for individuals with disabilities. This includes waiving certain requirements when necessary to eliminate barriers to housing opportunities and to ensure a person with a disability has an equal opportunity to use and enjoy a dwelling.

This Policy provides a procedure for making requests for accommodations in land use, zoning, building regulations and other regulations, policies, practices, and procedures of the jurisdiction to comply fully with the intent and purpose of applicable laws, including federal laws, in making a reasonable accommodation. Nothing in this Policy shall require persons with disabilities or operators of homes for persons with disabilities who are already acting or operating in accordance with applicable zoning or land use laws or practices to seek a reasonable accommodation.

### II.  Publication of Policy

The Village shall display a notice consistent with the display of other notices at the Community Development Department advising those with disabilities or their representatives that they may request a reasonable accommodation in accordance with the procedures established in this Policy. A copy of the notice shall be available upon request and shall also be posted on the Government page of the Village's website.

### III.  Definitions

As used in this Policy, "person with a disability" has the meaning set forth in the federal Fair Housing Act and the Americans with Disabilities Act and is an individual who has a physical or mental impairment that limits one or more of the major life activities of such individual, is regarded as having such impairment, or has a record of such impairment.

As used in this Policy, "reasonable accommodation" means the act of making a dwelling unit or housing facility(ies) readily accessible to and usable by a person with disabilities, through the removal of constraints in the Village's land use, zoning, code, permit and processing procedures. A reasonable accommodation controls over a conflicting Village regulation or requirement.

16

**IV.**   **Requesting an Accommodation**

An application for an accommodation may be made by any person(s) with a disability, his or her representative, a developer or provider of housing for persons with disabilities, or an agency, organization, or entity that provides residential services to persons with disabilities. A request for accommodation may be submitted at any time the accommodation may be necessary to afford the person with a disability equal opportunity to use and enjoy the dwelling. A written acknowledgement of the request shall be sent to the applicant by the Village within ten (10) days of receipt.

Requests for an accommodation may include a modification or exception to the rules, standards and practices for the siting, development, code enforcement, and use of housing or housing-related facilities that would eliminate regulatory barriers and provide a person with a disability equal opportunity to a dwelling of his or her choice.

An individual requesting an accommodation shall direct the request to the Director of the Community Development Department. The request may be made orally, in which case it shall be transcribed by the Village into writing if requested by the applicant, or by the applicant in writing. The individual shall submit an application for a reasonable accommodation using an appropriate Village form, to be provided by the Village. The Village shall assist the applicant with furnishing all information maintained by the Village with respect to an accommodation. The applicant shall provide the following:

1.    Name and address of the person or entity requesting accommodation. If the applicant is applying on behalf of a person with a disability, the name and address of the person with a disability shall also be provided. The accommodation need not be on behalf of a specific person with a disability, as long as the person requesting the accommodation verifies that the housing is intended for the use of persons with disabilities.

2.    Address of the property for which the accommodation is requested.

3.    Indication of whether that the applicant is (a) a person with a disability, (b) applying on behalf of a person with a disability, (c) a developer or provider of housing for one or more person(s) with a disability, or (d) a provider of residential services for a person with a disability.

4.    Description of the disability at issue, the requested accommodation, and the specific regulation(s), policy, practice or procedure for which the accommodation is sought. In the event that the specific individuals who are expected to reside at the property are not known to a provider in advance of making the application, the provider shall not be precluded from filing the application, but shall submit details describing the range of disabilities that prospective residents are expected to have to qualify for the housing.

5.     Description of whether the specific accommodation requested by the applicant is necessary for the person(s) with the disability to use and enjoy the dwelling, or is necessary to make the provision of housing for persons with disabilities financially or practically feasible.

Any personal information regarding disability status identified by an applicant as confidential shall be retained in a manner so as to respect the privacy rights of the applicant and/or person with a disability and shall not be made available for public inspection unless required by the Illinois Freedom of Information Act. Any information received regarding the disability status identified, including but not limited to medical records, will be returned to the applicant within ten (10) days of the decision by the Village, subject to the Village's obligations to retain the records pursuant to the Local Records Act, 50 ILCS 205/1 *et seq.* The Applicant need provide only the information necessary for the Village to evaluate the reasonable accommodation request.

If the person with the disability needs assistance to make a request for accommodation, the Village will provide assistance, including, but not limited to, transcribing a verbal request into a written request. The applicant shall sign or indicate in writing that the transcription is accurate.

A fee shall not be required for an application for an accommodation.

## V.     <u>Review of Reasonable Accommodation Request</u>

The Village Manager shall issue a written decision on a request for accommodation within forty-five (45) calendar days of the date of the application. The Village Manager may either grant, grant with alterations or conditions, or deny a request for an accommodation in accordance with the required findings set forth below.

If necessary to reach a determination on the request for accommodation, the Village Manager may request further information from the applicant consistent with applicable laws, specifying in detail the additional information that is required. In most cases, an individual's medical records or detailed information about the nature of a person's disability is not necessary for this inquiry. (*See* Joint Statement of The Department of Housing & Urban Development & The Department of Justice: Reasonable Accommodations Under the Fair Housing Act #18.) Any personal information related to the disability status identified by the applicant as confidential shall be retained in a manner so as to protect the privacy rights of the applicant and shall not be made available for public inspection unless required by the Illinois Freedom of Information Act. Any information received regarding the disability status identified, including but not limited to medical records, will be returned to the applicant within ten (10) days of the decision of the Community Development Director (or, in the event of an appeal, within ten (10) days of the decision of the Village Manager or his or her designee). If a request for additional information is made, the running of the forty-five (45) calendar day period to issue a decision is stayed until the applicant responds to the request.

The written decision to grant, grant with alterations or conditions, or deny a request for accommodation shall be limited to the following factors:

1. Whether the housing that is the subject of the request for accommodation will be used by a person with a disability as defined by the FHA or ADA.

2. Whether the requested accommodation is necessary to make a dwelling available to a person with disabilities protected under the applicable laws.

3. Whether the requested accommodation would pose an undue financial or administrative burden on the Village. The determination of undue financial and administrative burden will be done on a case-by-case basis. A finding of "undue financial or administrative burden" shall not be based on whether the requested accommodation would provide a preference or permit the housing in question to not comply with otherwise-applicable laws, ordinances, rules, codes, policies or practices that others must obey.

4. Whether the requested accommodation would require a fundamental alteration in the nature of a Village program or law, including but not limited to zoning and land use. A finding of "fundamental alteration" shall not be based on whether the requested accommodation would provide a preference or permit the housing in question to not comply with otherwise-applicable laws, ordinances, rules, codes, policies or practices that others must obey.

In making findings, the Village Manager may grant reasonable accommodations with alterations or conditions if the Village Manager determines that the applicant's initial request would impose an undue financial or administrative burden on the Village, or fundamentally alter a Village program or law. The alterations or conditions shall provide an equivalent level of benefit to the applicant with respect to (a) enabling the person(s) with a disability to use and enjoy the dwelling, and (b) making the provision of housing for person(s) with a disability financially or practically feasible.

The written decision of the Village Manager on an application for an accommodation shall explain in detail the basis of the decision, including the Village Manager's findings on the criteria set forth below. All written decisions shall give notice of the applicant's right to appeal and to request assistance in the appeal process as set forth in this Policy. The notice of the decision shall be sent to the applicant by certified mail and electronic mail, if the applicant's electronic mail address is known to the Village.

Nothing herein shall prohibit the applicant, or persons on whose behalf a specific application was filed, from reapplying for an accommodation based on additional grounds or changed circumstances.

If the Village Manager fails to render a written decision on the request for accommodation within forty-five (45) days, the accommodation request shall be deemed granted.

## VI.    Appeal

An applicant, or a person on whose behalf an application was filed, may appeal the written decision to deny or grant an accommodation with alterations or conditions or a denial of the accommodation to the Board of Trustees of the Village (the "Board") no later than thirty (30) calendar days from the date the decision is mailed or e-mailed.  An appeal may be sent to the Village by email at [insert email address] or by mail or hand delivery to the following address:

**Village Board of Trustees**
**Village of Hinsdale**
**ATTN:  Reasonable Accommodation Appeals**
**19 Chicago Ave.**
**Hinsdale, IL  60521**

An appeal must be in writing (or reduced to writing as provided below) and include grounds for appeal.  Any personal information related to the disability status identified by the applicant as confidential shall be retained in a manner so as to protect the privacy rights of the applicant and shall not be made available for public inspection unless required by the Illinois Freedom of Information Act.  Any information received regarding the disability status identified, including but not limited to medical records, will be returned to the applicant within ten (10) days of the decision by the Village.

If an applicant needs assistance appealing a written decision, the Village will provide assistance transcribing a verbal request into a written appeal to ensure that the appeals process is accessible.  The applicant shall sign or indicate in writing that the transcription is accurate.

An applicant shall not be required to pay a fee to appeal a written decision.

An appeal will be decided by the Board.  In considering an appeal, the Board shall consider (a) the application requesting the accommodation, (b) the Village Manager's decision, (c) the applicant's written statement of the grounds of the appeal, and (d) the provisions of this Policy, in order to determine whether the Village Manager's decision was consistent with applicable fair housing laws and the required findings in this Policy.

If a written decision on the appeal is not rendered within thirty (30) calendar days from the date the appeal is received, the requested accommodation shall be deemed granted.

The decision of the Board shall constitute the Village's final determination on the request for reasonable accommodation.

## VII.    **Other provisions**

A request for accommodation shall stay any and all proceedings in furtherance of the enforcement of any requirement that is the subject of the request.  An accommodation request does not affect an applicant's obligation to comply with other applicable regulations not at issue in the requested accommodation.

The Village shall retain, for the duration of the accommodation and at least three (3) years thereafter, written records of each request and all related records, including the Village's responses and decisions.

The person or entity requesting an accommodation may file an action at any time in court to challenge the Village's denial of a reasonable accommodation under the Fair Housing Act, the Americans with Disabilities Act and/or any other applicable federal, state, or local law. Such persons or entities shall not, solely by virtue of having requested an accommodation under this Policy, be barred, estopped or otherwise limited in bringing an action in court against the Village to challenge the denial of a reasonable accommodation.

**ATTACHMENT B**

**Certification of Training and Receipt of Consent Decree**

On _____, I attended training on the Fair Housing Act.  I have had all of my questions concerning these topics answered to my satisfaction.

I also have been given and I have read copies of the Consent Decree entered in *Trinity Sober Living v. Village of Hinsdale*, No. 1:19-cv-7321 (N.D. Ill.).  I understand my legal responsibilities and will comply with those responsibilities.

_____
Signature

_____
Print Name

_____
Position with Village of Hinsdale

_____
Business Address

_____
Business Address Continued

_____
Business Telephone Number

_____
Date

22